(27 App. Div. 112.)

### In re MERRIAM.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT.

 Upon a motion for an order requiring a certain individual to appear before a referee to be examined as a witness, under section 21 of the general assignment act (Laws 1877, c. 466), he set up that his information regarding the assignor's estate had been acquired by him as attorney for the assignor and others, but also stated that he had personally loaned money to the assignor, and had in his possession property as security therefor. *Held,* that the facts constituted no reason why he should not testify concerning the latter matter, which was not protected by his professional relation.

Appeal from special term.

In the matter of the general assignment of Robert H. Merriam to Frank H. Sigerson for the benefit of creditors. From an order re-

quiring James B. Ludlow to appear before a referee to be examined as a witness under the general assignment act, he appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Lewis L. Delafield, for appellant.

R. Rounds, for respondent.

INGRAHAM, J.    The substituted assignee presented a petition to the supreme court, stating that the assignor had wholly omitted and neglected to make and deliver an inventory of his assigned estate and a schedule of his creditors, as required by statute, and that, in order to enable the assignee to prepare such inventory and schedules, it was necessary to examine certain persons who held property of the assignor, and asked for an order for the examination of the persons named in the petition, under section 21 of the general assignment act (chapter 466, Laws 1877).    The appellant, Mr. James B. Ludlow, one of the persons whose examination was desired in answer to such application, submitted an affidavit in which he stated that the information which he had obtained in regard to the estate of the assignor was information which had been acquired by him as attorney for the assignor and others, stating, however, that, prior to the assignment, "clients of my own made loans amounting in the aggregate to a considerable sum of money to the said Robert H. Merriam; and I personally loaned him some moneys.    All of these loans were made on a definite understanding, in each case, as to the security to be given therefor.    These loans have not been paid, but I personally hold certain security for the same; and I hold the greater part of this security by direct assignment to me from Helen L. Merriam, of St. Paul, Minn., the said R. H. Merriam's mother. The said R. H. Merriam is also indebted to me for more than $5,000, for professional services, consultations, etc., as well as for about $150, for actual disbursements incurred by me in his behalf, and not yet repaid to me."    Upon this petition and the affidavits submitted, an order was made by one of the justices of the supreme court requiring James B. Ludlow to appear before one of the justices of the court, and submit to an examination on oath then and there to disclose all knowledge and information he may possess necessary to the proper making, as required by law, of an inventory and schedules of the estate assigned by the said Robert H. Merriam to Frank H. Sigerson, and requiring the said James B. Ludlow to produce before the said justice all books and papers in his possession or under his control containing any entries or memoranda as to any of the matters, and especially any and all written agreements or deeds of trust in regard to any collateral security given to secure any indebtedness of the said Merriam.    Mr. Ludlow appeals from this order, and insists that the facts about which he could testify were received by him as the attorney for Merriam and others who had loaned money to Merriam.    Mr. Ludlow's affidavit, however, expressly states that he has personally loaned money to the assignor, and has in his possession property as security for such loans.    As to the property of the assignor that he has in his possession as se-

curity for loans made by him to the assignor, it would seem that he could be examined as a witness; and as to his arrangements with the assignor, under which he loaned money to him, and received property from him as security for loans to the assignor, or to secure the payment of sums due by the assignor, he should testify. There would be no difficulty upon the examination in fully protecting the witness, so that he would not be required to disclose communications to, or information received by, him in a professional capacity, and such questions should be reserved until the examination. The order for his examination upon the papers submitted was therefore proper.

The appellant claims that the order is too broad, in that it directs him to disclose all knowledge and information he may possess necessary to the proper making of the inventory and schedules, and as to any property rights and interests belonging to said Merriam. Any examination ordered under this section, although general in terms, would be necessarily subject to the right of the witness to object to making any disclosure of information received by him as professional adviser of either the assignor or any other person who consulted him professionally; and that was the view of the justice below, as, in his memorandum deciding the application, he expressly stated that all questions of privilege should be decided by the justice before whom the examination takes place.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.